UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFIT TRUST, Derivatively On Behalf of Macy's Inc., <br><br>         Plaintiff, <br><br>vs. <br><br>TERRY J. LUNDGREN et al., <br><br>         Defendants, <br><br>-and- <br><br>MACY'S, INC., <br><br>         Nominal Defendant. | Case No. 1:07-cv-05862-RJH <br><br>ECF Case <br><br>[PROPOSED] SCHEDULING ORDER |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/07
```

## I.   Description of the Case

### A.   Attorneys of Record:

For the Plaintiff

Brian J. Robbins
Jeffrey P. Fink
Caroline A. Schnurer
Ashley R. Palmer
Robbins, Umeda & Fink, LLP
610 West Ash Street, Suite 1800
San Diego, CA  92101
(619) 525-3990

Thomas G. Amon
Law Offices of Thomas G. Amon
500 Fifth Avenue, Suite 1650
New York, NY  10110
(212) 810-2431

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
Barrett, Johnston & Parsley, LLC

CLI-1546296v2

217 Second Avenue North
Nashville, TN 37201
(615) 244-2202

For the Individual Defendants

Arthur J. Margulies
Jones Day
222 East 41st Street
New York, NY 10017-6702
(212) 326-3939

John M. Newman, Jr.
Geoffrey J. Ritts
Michael A. Platt
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44114
(216) 586-3939

For the Nominal Defendant

Mitchell F. Borger
Michael E. Kreitman
JoAnn Nelson
Macy's, Inc.
151 West 34th Street, 13th Floor
New York, NY 10001
(212) 494-1652

**B.      Basis of Jurisdiction**

Federal question and diversity.

**C.      Claims in the complaint**

The complaint asserts derivative claims on behalf of nominal defendant Macy's, Inc. against certain officers and directors of Macy's. In general, the complaint alleges that the defendants made or permitted to be made misstatements about Macy's business and prospects, resulting in alleged "artificial inflation" in Macy's stock price during the period of February 8 to May 15, 2007. Count One of the complaint charges violation of Rule 10b-5 and Section 10(b) of the Securities Exchange Act of 1934, based on the defendants allegedly causing Macy's to

repurchase its own stock at artificially-inflated prices. Counts Two through Seven of the complaint assert common-law claims for breach of fiduciary duty, waste and unjust enrichment, based on alleged misstatements about Macy's business and prospects; the former May stores integration; the buyback of Macy's stock at allegedly artificially inflated prices; and allegedly improper sales of Macy's stock by certain of the individual defendants.

### D. Major legal and factual issues

Defendants contend that the Complaint must be dismissed because Plaintiff did not make a pre-suit demand on the Board and demand was not excused. Defendants also argue that Plaintiff's derivative §10(b) claim is subject to the Private Securities Litigation Reform Act ("PSLRA") and should be dismissed pursuant to the PSLRA and Rule 9(b). Plaintiff believes that demand was futile, all claims asserted in the action have merit, all claims are subject to Rule 8 and this action is not subject to the PSLRA.

### E. Relief sought

Money damages and assorted equitable relief.

## II. Proposed Case Management Plan

As outlined in the defendants' letter to the court of August 20, 2007, defendants propose to move to dismiss the complaint on two main grounds: (i) that the plaintiff failed to make the requisite pre-suit demand on Macy's board of directors, and (ii) that the complaint does not satisfy the pleading requirements of the Private Securities Litigation Reform Act and Rule 9(b). The following schedule shall apply to that motion practice:

- [handwritten: Plaintiffs to file amended complaint by October 8, 2007]
- Defendants to file motion to dismiss by: ~~November 8, 2007 (to be determined at Sept. 6 conference)~~ [handwritten: December 14, 2007].
- Plaintiff to file opposition by: ~~60 days after motion to dismiss filed~~ [handwritten: January 7, 2007(?)].
- Defendants to file reply brief by: 30 days after plaintiff's opposition filed.

In the event the case proceeds past the motion-to-dismiss stage, the parties will meet-and-confer after the court's decision on the motion to dismiss and file a proposed schedule for the remaining stages of the case within 14 days of the court's decision.

## III. Magistrate Judge

The parties do not consent unanimously to proceed before a Magistrate Judge.

## IV. Settlement Discussions

The parties have not conducted settlement discussions and do not request a settlement conference.

Dated: August 30, 2007
New York, New York

SO ORDERED

*[signature]*
USDJ
9/13/07

Respectfully submitted

*[signature]*
Arthur J. Margulies (AM-7777)
Jones Day
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: ajmargulies@jonesday.com

John M. Newman, Jr.
Geoffrey J. Ritts
Michael A. Platt
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: jmnewman@jonesday.com
       gjritts@jonesday.com
       maplatt@jonesday.com

*Attorneys for Individual Defendants*

*Ashley R. Palmer* w/ permission AM
Ashley R. Palmer
Brian J. Robbins
Jeffrey P. Fink
Caroline A. Schnurer
Robbins, Umeda & Fink, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
(619) 525-3990

Thomas G. Amon
Law Offices of Thomas G. Amon
500 Fifth Avenue, Suite 1650
New York, NY 10110
(212) 810-2431

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
Barrett, Johnston & Parsley, LLC
217 Second Avenue North
Nashville, TN 37201
(615) 244-2202

*Attorneys for Plaintiff*


*JoAnn Nelson* w/ permission AM
JoAnn Nelson
Mitchell F. Borger
Michael E. Kreitman
Macy's, Inc.
151 West 34th Street, 13th Floor
New York, NY 10001
(212) 494-1652

*Attorneys for Nominal Defendant Macy's, Inc.*