# Exhibit K

FROM CORPORATION TRUST CO. (302)655-... COMPANY (WED) 11.14'95 10:38/ST. 10:35/NO. ...

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 10:15 AM 12/19/1994
944247928 - 2078197

CERTIFICATE OF MERGER

OF

FEDERATED DEPARTMENT STORES, INC.

WITH AND INTO

R. H. MACY & CO., INC.

R. H. Macy & Co., Inc., a Delaware corporation, does hereby certify:

1. The name and state of incorporation of each of the constituent corporations participating in the merger are:

   (a) Federated Department Stores, Inc. ("Federated"), which is incorporated under the laws of the State of Delaware; and

   (b) R. H. Macy & Co., Inc. ("RHM"), which is incorporated under the laws of the State of Delaware.

2. The Agreement and Plan of Merger, dated as of August 16, 1994 (the "Merger Agreement"), by and between RHM and Federated, has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations in accordance with Section 251 of the Delaware General Corporation Law.

3. R. H. Macy & Co., Inc. is the surviving corporation of the merger, which shall change its name to "Federated Department Stores, Inc." (the "Company").

4. The amendments or changes in the restated certificate of incorporation of RHM that are to be effected by the merger are as follows: The restated certificate of incorporation of RHM is hereby amended and restated in its entirety to read as follows:

"SECOND RESTATED CERTIFICATE OF INCORPORATION
OF
FEDERATED DEPARTMENT STORES, INC.

FIRST. The name of the corporation is Federated Department Stores, Inc. (the "Company").

SECOND. The address of the Company's registered office in the State of Delaware is 1209 Orange Street, City of Wilmington, County of New Castle, Delaware 19801. The name of the Company's

DLMAIN Doc: 112753.1

FROM CORPORATION TRUST CO    (312)555-0199 COMPANY    (WED) 11/14/05 11:12/ST. 11:25/NO. 3560228102 P 13/24

consent as described in subclause (B) of clause (ii) of this paragraph (f)), or disposing of such stock with any other Person that beneficially owns, or whose Affiliates or Associates beneficially own, directly or indirectly, such stock.

(g) "Person" means any individual, corporation, partnership, unincorporated association, or other entity.

Section 4. **Powers of the Board**. For purposes of this Article Eighth, a majority of the Whole Board will have the power to make all determinations pursuant to this Article Eighth, including with respect to (a) whether a Person is an Interested Stockholder, (b) the number of shares of Voting Stock owned by a Person, (c) whether a Person is an Affiliate or Associate of another Person, and (d) the aggregate fair market value of assets and stock of the Company.

Section 5. **Interpretations**. Each of the provisions of this Article Eighth which is also a part of Section 203 of the DGCL will be interpreted in a manner consistent with the judicial interpretations that have been, or may in the future be, rendered with respect to Section 203 of the DGCL.

Section 6. **Amendment, Repeal, Etc**. Notwithstanding anything contained in this Certificate of Incorporation to the contrary, the affirmative vote of at least a majority of the Voting Stock, voting together as a single class, is required to amend or repeal, or adopt any provision inconsistent with, this Article Eighth. An amendment or repeal, or adoption of any provision inconsistent with, this Article Eighth adopted pursuant to this Section 6 shall not be effective until 12 months after the adoption of such amendment, repeal, or adoption of an inconsistent provision, and will not apply to any Business Combination between the Company and any Person who became an Interested Stockholder on or prior to such amendment, repeal, or adoption of an inconsistent provision.

NINTH. To the full extent permitted by the Delaware General Corporation Law or any other applicable law currently or hereafter in effect, no Director of the Company will be personally liable to the Company or its stockholders for or with respect to any acts or omissions in the performance of his or her duties as a Director of the Company. Any repeal or modification of this Article Ninth will not adversely affect any right or protection of a Director of the Company existing prior to such repeal or modification.

TENTH. Each person who is or was or had agreed to become a Director or officer of the Company, and each such person who is or was serving or who had agreed to serve at the request of the Board or an officer of the Company as an employee or agent of the Company or as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other entity,

IN WITNESS WHEREOF, the Company has caused this Certificate of Merger to be signed by its Chairman of the Board and Chief Executive Officer and attested by its Secretary this ___ day of _____, 1994.

R. H. MACY & CO., INC.

By: _____
Name: Myron E. Ullman, III
Title: Chairman of the Board and
Chief Executive Officer

Attested by:

_____
Name: Diane Price Baker
Title: Secretary

DLMAIN Doc 112759.1          - 14 -